IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEVIN RASIN, §
§
Defendant Below, § No. 541, 2018
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1009014476
§
Plaintiff Below, §
Appellee. §

Submitted: February 25, 2019
Decided: March 27, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

# **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Kevin Rasin, appeals from the Superior Court's order dated September 21, 2018, denying his second motion for postconviction relief under Superior Court Criminal Rule 61.[1] The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Rasin's opening brief that the appeal is without merit. We agree and affirm.

---

[1] *State v. Rasin*, 2018 WL 4583485 (Del. Super. Ct. Sept. 21, 2018).

(2) In 2012, a Superior Court jury convicted Rasin of Murder First Degree, Attempted Murder First Degree, Gang Participation, two counts of Conspiracy in the Second Degree, two counts of Possession of a Firearm by a Person Prohibited, and Possession of a Firearm During Commission of a Felony. The Superior Court sentenced Rasin to life imprisonment for the Murder and Attempted Murder convictions and a total of twelve years' imprisonment for the other convictions. On direct appeal, this Court affirmed Rasin's convictions and sentence.[2] In May 2018, this Court affirmed the Superior Court's denial of Rasin's first motion for postconviction relief.[3]

(3) Rasin filed his second motion for postconviction relief in August 2018. In the motion, Rasin argued, among other things, that the counsel appointed to represent him for purposes of his first postconviction motion was ineffective for failing to raise various issues in the postconviction proceedings. The Superior Court denied the motion on September 21, 2018, holding that the motion was procedurally barred by Superior Court Criminal Rule 61. Rasin now appeals to this Court.

(4) We affirm. Rasin has not overcome the procedural bars that are set forth in Rule 61 by pleading with particularity any new evidence of actual innocence or any new, retroactive rule of constitutional law that applies to his case and renders

---

[2] *Taylor v. State*, 76 A.3d 791 (Del. 2013).
[3] *Rasin v. State*, 2018 WL 2355941 (Del. May 23, 2018).

his conviction invalid.[4]  Contrary to Rasin's contention, *Martinez v. Ryan*[5] does not stand for the proposition that a substantial claim of ineffective assistance of postconviction counsel overcomes a procedural bar to successive state-court postconviction proceedings.[6]  As this Court has repeatedly held, a claim of ineffective assistance of postconviction counsel does not relieve a defendant of the burden of satisfying the requirements of Rule 61(d)(2) in order to avoid summary dismissal of a second or subsequent postconviction motion.[7]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[4] SUPER. CT. CRIM. R. 61(d)(2).  *See also* SUPER. CT. CRIM. R. 61(i)(1)-(4).

[5] 566 U.S. 1 (2012).

[6] *See Steedley v. State*, 2014 WL 4113114, at *2 (Del. Aug. 20, 2014) ("The *Martinez* decision, which permits a federal court to review a 'substantial' ineffective assistance of counsel claim on federal habeas review, has no apparent application in this case." (citation omitted)).

[7] *E.g.*, *Durham v. State*, 2017 WL 5450746 (Del. Nov. 13, 2017); *Coles v. State*, 2017 WL 3259697 (Del. July 31, 2017).